■ In the Matter of the Claim of MERCY CUNNEEN, Respondent, against TRUSTEES OF HOLTSVILLE SCHOOL DISTRICT No. 13 et al., Appellants, and AGGREGATE TRUST FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of death benefits by the Workmen's Compensation Board. Essential to sustain the award is the board's finding that the accident aggravated a pre-existing curvature of the spine and a pre-existing arthritis, reducing decedent's vital capacity and ability to exchange air in his lungs and affecting his heart, thus contributing to his death from bronchiectasis, myocarditis and chronic arteriosclerosis, almost seven years after the accident. From the record as a whole, it is clear that the only medical theory upon which the award can be predicated was not as broad as the finding, the medical opinion relied upon being that as a result of a fall there was aggravated a pre-existing arthritic condition which in turn aggravated a pre-existing curvature of the spine, so that the gradually increasing dorsal convexity had the effect of narrowing the thoracic cage, thus restricting the action of the lungs, with consequent damage to the heart. There was no evidence to support the additional finding of direct accidental injury to the spine itself. The medical opinions as to aggravation of a pre-existing arthritis, in turn aggravating a pre-existing spine curvature, were elicited by questions which assumed that both a curvature and an arthritic condition of the spine existed prior to the accident. While a pre-existing curvature might possibly be inferred from certain testimony of a lay witness, the record is devoid of any substantial evidence of an arthritis preceding the accident or of a traumatic arthritis following it. Consequently, at least one of the necessary hypotheses for the questions propounded was not supported by proof and the medical opinions thus adduced were without probative effect. Decision and award reversed, and matter remitted to the board for further proceedings, with costs to appellants against the Workmen's Compensation Board. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.